The standard of review in this appeal is de novo. As the Court is aware, in CAFA jurisdiction cases, a removing defendant may rely on reasonable assumptions to prove up the amount in controversy, even when challenged by an opposing party or a district court. Defendants can satisfy the reasonable assumption standard by relying on allegations set forth in the complaint. Assumptions that are made part of a defendant's chain of reasoning need not be proven. They instead must have some reasonable grounds underlying them. This has been described in Ninth Circuit precedent Ibarra at 1199 and Arias at 927. This is where the district court standard that it applied to the CAFA amount in controversy was too exacting, as has been cautioned against recently in the Ninth Circuit decision in Urigui v. Dart, the U.S. Supreme Court case. The district court here conflated the amount in controversy with the amount of damages ultimately recoverable. Case law describes that the reasonable chain of logic in damages assessment, such as what was done here, can include simply citing cases with the same or similar statute as those presented in the current case and prior findings of a court or jury based upon those similar allegations. A declaration or extrinsic evidence is not required, but may be submitted by a party, and when it is, it is widely accepted evidence, especially when it goes unchallenged by a plaintiff party with no contradicting evidence on their own. Let me ask you this question. Assume we agree with your position and we remand to the district court. Because this was a situation where the district court sui sponte issued an OSCE requiring your client to come forward with information to prove the damages, but the plaintiff did not have an opportunity to lodge specific objections or challenges to whatever the calculation and rate that your client established. Should we remand on an open record or what would the relief specifically look like if we were to agree with you on sort of the argument that you've made thus far and we're looking at sort of the details of a remand? We would ask, because the review is de novo, that you look at the entire record and that you find, based upon the correct applicable standard, that the plaintiff met, or I'm sorry, the defendant met its burden because we relied on the same evidence that other defendants in removing have, that has been accepted by the court in such cases as Arias. Does your position that the plaintiff shouldn't have an opportunity at the district court level to lodge its objections with respect to the calculation that was submitted, even though it didn't have an opportunity to do that in the first instance, based upon the district court's sui sponte OSCE? Yes, that would be the preference, because everything is in the record and can be viewed as sufficient by this court in its de novo review. You don't want to put anything more in the record, as I understand it. We do not, Your Honor. We have submitted, with the notice, calculations, and then under Rule 11, and we submitted also a declaration in support in our response to the OSCE. Yeah, I'm not, my question really isn't geared so much as to, you know, I agree with you. You had an opportunity to respond to the OSCE. You put evidence into the record, but the plaintiff did not have that opportunity to raise objections, or didn't raise objections, because the district court sui sponte issued the OSCE. So, my question really is, directed it, would it be improper to remand an open record? We do not believe so, because of the de novo standard. Can you tell me the timing in the district court, did the plaintiff have an opportunity that they could have filed an objection to your theory of what the amount of controversy was, and they didn't, and that's why the district court didn't sui sponte, is that right? We're not clear why the court did it. Well, I mean, just on the chronology, the plaintiff did not file an objection, and... Correct, and did not seek to file an objection, and also in the briefing that was done for the permission to this court to appeal, there was extensive briefing done, and there was nothing submitted in that briefing as well. So, there was an opportunity to request it at the district court level, there was an opportunity to present it during the permissive appeal process before this court or this court. Isn't the issue on appeal to this court your issue, you're appealing the remand order from the district court? And so, the issue on appeal is whether or not that remand order was appropriate given the burden that you had at the district court to establish the damages amount. So, I'm not sure why in this court the plaintiff would be making arguments in the first instance with respect to the sufficiency of the damages calculation. Well, as part of the permission to appeal in this case, they did make certain arguments, legal arguments, factual challenges, and those types of allegations and submissions were not provided at that time. So, the fact that they had an opportunity to do it, and what we're asking for is the court to weigh the sufficiency of the evidence that was submitted, and because we have a And the court said that you had not justified your calculation, which was based on a rate, that the court said you had no evidence to support, isn't that right? That's the court's position, we of course disagree, because we are not required to submit evidence in this process, but we have an opportunity to do that, and we did. The court has characterized, and the opposition has characterized, that there was no evidence submitted in support of the notice of removal, or in response to the order to show cause, and that's a mischaracterization, we believe, because there was a declaration that was submitted that contained the number of employees in the class, the average wage, the description of all the statutory penalties, the timeframes that were applicable to certain claims, and a reduction of the employees for those that could pursue and have standing for those types of claims. And then there was math that was done. There was never a challenge to the declaration that was submitted in response to the order to show cause, and we believe that the math is reasonable, and based upon reasonable assumptions. If you use the 20% rate, which is supported by the way the violations are described in the complaint as being throughout the statutory period, and at times, selecting the 20% that we originally used as a valuation rate is reasonable based upon other district court case law, and the area's case of the Ninth Circuit, but in response we even went further to show how reasonable we were being in our assumptions to reduce that by 50% to a 10% margin. I think the district court's view of that was essentially 20% is kind of an arbitrary number pulled out of the air, and the fact that you can take an arbitrary number pulled out of the air and then cut it in half, it's still an arbitrary number. So, I mean, what, suppose that the class were smaller and you needed to show, you know, to get the math to work out here, you had to have, you know, not just one hour per week, but one hour per day, do you think that would be reasonable? Not, if it was arbitrary, Your Honor, but that's not what was done here. We looked at other case law that was accepted and used that to build our reasonable assumptions, and what you're describing the district court did is exactly what was cautioned about in Arias at 927. There, the Ninth Circuit said that reasonable assumptions set forth by a defendant, which ours are reasonable because we're relying on case law from the same district and from the Ninth Circuit to come up with, hey, if you say throughout the statute period, and at times 20% is reasonable with that type of vague pleading, but Arias said when there's reasonable assumptions made by a defendant like that, they cannot be rejected because it might also be reasonably plausible that the damages at issue might be less than 5 million, and that's exactly what the court did. The court did not follow Arias' caution, and you can see on ethical, I'm sorry, excerpts of record page 68 in what was submitted by appellant at page three of the district court's order, she goes through the analysis that you just did that if one's going to assume a violation rate based on nothing more than language and a complaint referencing a pattern in practice, then there is no basis for suggesting a violation rate of 20%, for example, is any more or less reasonable than a violation of 10% or 5%, but that's directly what Arias says a district court can do. I don't read, do you read or are Arias' supporting the proposition that you can pull a rate out of a hat? No, not at all, your honor. It needs to be based upon reasonable assumptions and a reasonable chain of logic, but the case law says that can be relying on other cases and similar fact patterns and court's findings in those scenarios, and that's what we did, so we don't believe we're pulling anything out of thin air, and that being a reasonable assumption, the court just cannot reject it, saying, well, another reasonable assumption may be less. Well, we said in Arias that, that this is Marriott, and that Marriott estimated the amount of controversy by making assumptions about the frequency of violations of the sort alleged in the complaint, and they said the assumptions are plausible and may prove to be reasonable in light of the allegations of the complaint, but the district court rejected the assumptions because it was possible the damages might be less than 5 million, and so, and it recognized that Marriott is the removing party will bear the burden of proof, so, but you have no proof of the 20% that, and it seems to me, Arias seems to be saying you have to prove the rate, that there's some evidence of the rate that seems to be what the district court was saying. You have to, Arias seems to say, you have to have a reasonable basis supporting that assumption, not necessarily extrinsic evidence as the cases hold, and this is described in Gomero, the central district court's case at start three, which is relying on the Green versus Harley-Davidson Ninth Circuit 2020 case. Reasonable assumptions can be based upon the complaint allegations and looking at what has been done by other courts in similar facts and situations. And if the plaintiff wants to prevent you from doing that, they could say something more specific in the complaint than at times, right? I mean, if the complaint had said, you know, once a month, you would not be able to do the kind of calculation that you did here, right? Exactly, Your Honor. The reason we're allowed to rely upon the complaint is because the complaint allegations are to be investigated before filing and signed pursuant to Rule 11. The plaintiff should not be able to benefit and sit silent simply because they have vaguely pled their allegations. And this has been noted to be especially true since the knowledge in question about how many violations actually occurred is often uniquely within the plaintiff's possession. So there's this expectation that there will be some controverting evidence or attempt to dispute either in the pleading stage or in the challenge phases to contradict what the defendant is saying is a reasonable rate. But here, because the complaint is pled, accepted allegations are true, and the jury could return a verdict in plaintiff's favor on every claim, it is appropriate for a defendant to look at the maximum amount of recovery of the amount in controversy in doing this analysis. And that's what was done here. There was no challenge, has been noted, to the foundation of any of the declarations that were submitted or any of the evidence. There isn't a challenge that the class actually exists of 759 people or the math that was done. The challenge is to the type of evidence. But when you look at the way the math was done, with the 20% rate, which we believe is reasonable, there is an $11.4 million amount at stake. When reduced to account for any kind of margin of error, there's a $5.7 million amount at stake. And this doesn't even take into consideration other factors. That's. You're down to just a very minute, but I don't know if you want to conclude. I will wrap up. It doesn't include three other claims. It doesn't include attorney's fees. And it used the minimum wage rate as the average rate rather than the true rate, which would be higher for this employee group. So the math that was done, we believe, is reasonable and met the standard for COFA removals in this situation. Thank you so much for your time and question. And you can reserve the rest of your time. And but before we start your time running, you are Mr. Kim. This is Kirk, Aaron. So Mr. Zinoviev from your firm had submitted the notice of, the response to the argument notice. But he's not here. Yes. If I can explain. This is my first appearance before the Ninth Circuit. And I had not been previously admitted. We submitted my application for admittance, which was not approved until January 22nd. Since we had no idea of whether my admission would timely be made, I believe the notice was made with Mr. Zinoviev's name, who he's the lead counsel on the case on a day-to-day basis. Subsequently, January 22nd came around, we received notifications I was admitted. And I think based upon simple unfortunate ignorance on our part, we did not submit a updated notice in my name. Okay, so- Relying upon the previous notice of Mr. Zinoviev. He said- I'm sorry, I was going to ask a question about your admission status. But it is, you have received a communication from the clerk's office that you were admitted on January 22nd. January 22nd. Okay. Then, you may proceed. If I may please the court, my name is Edward Kim for Pelley. I believe that in their opening brief, appellate posits the critical question as what constitutes a reasonable assumption for purposes of calculating the amount of controversy under CAFA. I would respectfully disagree with that. I believe that the matter before this court, this specific case, is how is reasonableness to be demonstrated. I think that's the key issue here. I think it's undisputed that when a plaintiff's complaint does not allege a specific amount of damages, while the defendant may rely upon assumptions. If those assumptions of violation rates are ultimately challenged by either the plaintiff or the court, then it's incumbent upon the defendant to provide evidence in support of its calculation rate. If we require the defendant to come forward with evidence to prove the violation rates, wouldn't we be requiring the defendant to prove the plaintiff's claims? I don't believe the requirement is to prove the violation rates. I believe that a defendant would need to demonstrate the plausibility of this asserted assumption, assumed rates. And that's a distinction, we're not asking them to nail down a particular number, but to simply demonstrate that the chain of reasoning that they are allowed to undertake is reasonable and not simply arbitrary and not speculative. But why, I mean, what you alleged was throughout the statutory period, defendants at times failed to pay the required overtime and so forth. And they're saying, at times, well, okay, maybe you're alleging we did it once a week. Why is that not a plausible interpretation of your complaint? As the party bearing the burden of showing that reasonableness, I believe that if one particular rate cannot be demonstrated as being more or less plausible than another number that speaks to the fact there is no possibility. I believe what the district court keyed in on is that a 20% rate versus a 5% rate versus a 10% rate versus a 60% rate. What is in this case that demonstrates your election of 20% and then subsequently 10% is superior to any other number that could have been used for the rate. That's not what plausible means, right? I mean, something can be plausible than another thing. I mean, there can be multiple things that can be equally plausible. And to say that something is plausible does not necessarily mean that it is more plausible than anything else. Although, I believe plausible suggests that there's something more than arbitrary or randomness. And here, the court in its questioning of appellant made a point that I was going to, and that is, I think the nebulousness and the unreliability of the assertive violation rate is underscored by the fact that they initially cited a 20% violation rate and then subsequently cut that to a 10% rate without explaining what calculus was involved in, in reaching that reduction, other than an assertion that in an effort to be more conservative and more reasonable, that they cut it down. They did not explain what factors that they considered or what numbers that they considered in subsequently reducing it from 20 to 10%. Do you think there's any number that they could come up with? I mean, if you play around with the size of the class and the length of the period, right? The percentage rate that you need to get to 5 million would change. But suppose that it was a much bigger class and they only needed a 1% rate. Presumably, if they had said 1%, you could be here saying, well, why is 1% better than half a percent, right? I mean, so I guess the question here is, doesn't the approach to plausibility that you're urging make it impossible for them ever to make a plausible case? I would disagree with that characterization to the extent that the district court addressed that point when citing Judge Ruehl's decision, pointing to the opportunity to take discovery and to nail down the plaintiff's violation rate. To basically establish a representative sample from which assumptions can be drawn. But I mean, their view, presumably, is that the real rate was zero, right? I mean, I assume that that's what the defendant is going to say. And the question is not, what's the real rate? Because that's Merritt's question to be determined at trial. The question is, what's the amount in controversy? What are you asking for? And so, because I don't see why sampling is an appropriate way of ascertaining that, as opposed to looking at the complaint and seeing that you said that they did this at times. Well, I think the problem with the approach that that appellant has taken is relying upon allegations, pattern of practice allegations. In the complaint, they have asserted a particular violation rate. And in support of that rate, rather than showing the math that they did, they did not show how they derived a $14 per hour average compensation rate. They did not show how they calculated 208 work weeks. They did not show how they calculated one meal period or one rest period per week. They asserted it, but they didn't show it. And instead, they're relying upon various district court cases that have accepted similar rates. The problem here is born by the fact of the cases that they cite. You have this panoply of cases ranging from 5% all the way to 60%. I wanted to ask you the same question that I asked your friend on the other side of the site modification, which is, if we were to agree with the defendant's argument and find that the valuation rate that they provided was sufficient to be able to sustain a removal to district court, and we were to issue a remand, should that remand be on an open record, or should it simply be a remand reversing the district court and finding that the case should be removed? And sort of the amendment to the question, I think, incorporates Judge Miller's question after mine, which is, and if you say it should be remanded on an open record, why, given the fact that you had an opportunity in the district court to raise separate objections that weren't passed on by the district court? Well, I don't think this will come as a surprise to the court. Yes, Kelly's position would be if the court were to remand, it would actually be done so on an open record. And relying upon the legal arguments presented in our briefing, and both at the district level and before this court, we focused on those arguments. However, I believe that we do, we should have an opportunity to challenge, you know, through an evidentiary inquiry as to the assumptions and violation rates undertaken by the fed. But your, as your adversary has pointed out, the district, I think she did, the district courts are kind of, there was a lot of district court authority going one way, and district court authority going the other way on the kind of issue we have here. And our court seems to have said that, in Aria's case, that Marriott, which is the defendant, on remand will bear the burden to show that its estimated amount in controversy relies on reasonable assumptions. And so, and that's citing the Ibarra case, which was decided a few years earlier. So, that seems to be our standard, which is that the defendant has to show that the, its amount relies on reasonable assumptions. The district court said, well, this 20% hasn't been shown to be reasonable. And I guess what we're struggling with is, what, what, what I'm struggling with, because this is difficult for me personally, just speaking for myself, what is it that would have to be shown? You suggest that there has to be a sample or something. Is there anything in the district court cases or in our cases that suggest that that is what we were talking about when we talked about showing that the amount in controversy relies on reasonable assumptions? I can't speak to a specific case that spells out what the court is inquiring of. But from a more macro level, in calculating the amount in, the violation rate and through those violation rates, concluding a, an amount in controversy, there's certain numerical values that, that the appellant utilizes. What is the evidence before the court that supports the accuracy of those number, not the calculation, not the concluding calculation, but the actual numbers that they used, $14 per hour, the number of work weeks, number of employees, number of part-time employees versus full-time employees. There is no basis in the record. That is not what the district court took issue with, though, is it? Well, I believe that, that the court took issue with the fact that they could not gauge the reasonableness of numbers asserted by the court because there was no, there was no supporting data. There was no reason to believe that $14 versus $20 an hour was accurate. There was no reason to believe that, rather than I believe it was 791 employees, that there were, you know, 800 or 600. There is no evidence beyond the unsupported assertion in the declaration of the validity of these numbers. And there's basically no tether in the appellant's record and appellant's asserted violation rates to the conclusion that those rates are, in fact, correct or that they total up to excess of catheter's fictional limits. Can I ask you to go back to the question Judge Desai was asking you about, about what you had an opportunity to show and what you would show on remand? Am I correct that you filed a response to the order to show cause about a week after they filed a response, and so you had an opportunity to, and in fact, did address their response to the order to show cause and offered your objections to it, is that right? Yes, we did file a same response as well. But, I believe that. So, if that's, and that appears to be the case from looking at the record, why would, why would you be entitled to a remand on an open record then if you've had an opportunity? And I understand that what you did was file a response to the response to the OSC, but you did, in fact, file something and you had an opportunity even before that to lodge separate objections. Why should you have the opportunity to do that? Well, I believe that because this is an issue that there is a unresolved split of authority within the circuit for every case asserting a validity of assumed violation rates. There are likewise another case right across from it remanding, granting remand based upon failure to establish the validity of those assumed rates given the unsettled state of the law with respect to this issue. If this court were to remand back to the district court, I believe that given the unsettled state of the law. What would we tell the district court? What instructions specifically would you have us provide the district court? To provide, to allow appellee an opportunity to make its own evidentiary showing as to, in effect, if it can't, to elaborate upon the complaint. Show that the assumed rates by appellate are unsubstantiated, unsupported, and incorrect. Yeah, I realize I'm down to 30 seconds. I would just point out that the Arias decision, which has been discussed at length in this case, can be distinguished from the case at bar. Because in Arias, the court so sponte remanded upon receipt of the notice of removal. There was no OSC held. And unlike here, the defendant, I mean, the appellant had no opportunity to submit evidence where in this case they did and declined to do so. But I mean, what I took to be the key point of that case is that there, in the complaint there said, I think, routinely, right, is the language there. And we said that interpreting that once a week was reasonable. Here you have at times, it's at least suggestive that sort of quantification of, you know, the vague phrases in your complaint is reasonable, isn't it? Well, I believe that language can be parsed on a case-by-case basis. And in some, one instance, it may be routine or some language that imbues the allegation with some concept of consistency as opposed in such that that consistency would lend greater support to an assumed rate because the plaintiff has asserted that there's some kind of regularity or some kind of consistency here as opposed to what's happened here where at times some, it has a lesser degree of consistency that can be interpreted from the face of the complaint. Thank you. Thank you. Thank you. I know I have minimal time. But I wanted to check the excerpts of record before correcting what Judge Tessai and Judge Miller already concluded was that there was an opportunity for briefing to be submitted. And it was submitted. And it was the final briefing. So defendant had no opportunity to challenge or to speak again if the defendant, I'm sorry, if the plaintiff had chosen to submit some kind of evidence. There could have been some kind of declaration which we've seen submitted in similar cases by the plaintiff describing that she experienced less frequent rates of violations than those that were asserted by the defendant in their submissions. Here, the plaintiff did not submit any challenge to the reasonableness with rebuttal evidence of her own that the rates that we were arguing should be applied to her vague pleading were employed. So I think that is important for your question as to how the remand should be handled. If based upon the opportunity for submission of that evidence, we would reiterate that we believe under a de novo review it should be remanded without an open record. Thank you very much. Thank both counsel for the arguments. The case is submitted and we're adjourned. Support for this session stands adjourned.
judges: SCHROEDER, MILLER, DESAI